
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID CRAWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:15cv00069 |
| v. | ) |
| | ) |
| DAVID ROBINSON, et al., | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Pro se plaintiff David Crawley, an inmate incarcerated at Wallens Ridge State Prison, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights. Crawley's claims concern his request to be transferred into the Steps to Achieve Reintegration ("STAR") program, a Virginia Department of Corrections program operated at Keen Mountain Correctional Center for offenders who are confined in segregation and, because of an unspecified fear, refuse to return to general population.

Currently before the court is defendants' motion for summary judgment (ECF No. 49). This case was referred to United States Magistrate Judge Joel C. Hoppe for case management and consideration of all motions. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge issued a report and recommendation on August 1, 2016 (ECF No. 61), recommending defendants' motion be granted. Crawley moved for an extension of time by which to file objections to the report. The Magistrate Judge granted that request, ordering

Crawley to file any objections not later than August 29, 2016. The court received Crawley's objections dated August 27 on August 31, 2016.

For the reasons stated below, the court will **OVERRULE** Crawley's objections, **ADOPT** the report and recommendation in its entirety, and **DISMISS** this case.

## I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the

2

magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

## II.

In this § 1983 suit, Crawley alleges defendants disapproved his request for transfer into the STAR program at Keen Mountain and destroyed and/or failed to process, return or respond to his complaints and grievances concerning that transfer request. Crawley claims that in so doing, defendants denied him access to the courts and retaliated against him in violation of the First Amendment, and discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment. The Magistrate Judge concluded defendants are entitled to judgment as a matter of law on these three claims, and Crawley has filed objections to each of the Magistrate Judge's conclusions.

### A.

Crawley's claim that defendants obstructed his access to the courts in violation of the First Amendment is based solely on his allegations that defendants failed to process, return or respond to his letters, complaints and grievances concerning his request to transfer to the STAR program and allegations of retaliation.[1] Specifically, Crawley claims defendant Brenda

---

[1] While Crawley bases his First Amendment claim on defendants' alleged failure to process and respond to his grievances and various letters, evidence he submits in opposition to summary judgment belies that claim and establishes that defendants responded to a number of his properly submitted grievances and correspondence. Crawley attaches to his opposition brief five grievances, all dated November 12, 2014, and a letter to defendant Fleming at Keen Mountain

3

Ravizee, Ombudsman at Wallens Ridge, failed to process a number of his complaints, Am. Compl., ECF No. 12, at ¶¶ 12-13, 29, 33; that Leslie Fleming, then-Warden of Keen Mountain Correctional Center where the STAR program is run, failed to process or respond to Crawley's grievances and letters concerning his request to transfer into the STAR program, id. at ¶¶ 14, 16, 26, 38; that Gregory Holloway, then-Warden of Wallens Ridge, failed to respond to Crawley's letters and disregarded Crawley's allegations of discrimination and retaliation, id. at ¶¶ 15, 34; that Wallens Ridge's Assistant Warden John Combs instructed Ombudsman Ravizee to destroy all documents submitted by Crawley, id. at ¶¶ 20, 23; and that David Robinson, Chief of Operations of the Virginia Department of Corrections, failed to respond to Crawley's letters concerning retaliation, discrimination and obstruction, id. at ¶¶ 24, 25. The Magistrate Judge properly found that this First Amendment claim fails as a matter of law because the United States Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Indeed, "'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).

---

dated October 22, 2014, that Crawley states were returned from Keen Mountain because the grievances had not been submitted first at Wallens Ridge where Crawley was housed. See ECF No. 60-2, at 1-7. However, Crawley also attaches five grievances concerning the STAR program dated November 14, 2014, February 10, 2014, July 21, 2015, January 23, 2015 that appear to have been properly submitted at Wallens Ridge and were responded to by Crawley's counselor Rose and by defendant Fleming. Id. at 21-25. Crawley also provides as evidence a letter dated December 3, 2014 from the Virginia Department of Corrections Special Investigative Unit to defendant Holloway, then-Warden at Wallens Ridge, apparently sent in response to Crawley's communication raising complaints of retaliation, as well as a letter dated November 12, 2014 from Offender Management Services to Crawley concerning his inquiry about the STAR program. Id. at 26-27. To the extent Crawley's First Amendment claim is based on additional grievances or communications that were allegedly not responded to, his claim fails as a matter of law for the reasons set forth herein.

4

Crawley raises no claim that the law library at Wallens Ridge was inadequate or his access to it was restricted in any way, nor does he allege that defendants' actions hindered his efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Strickler, 989 F.2d at 1383 (inmate must show specific harm or prejudice from the allegedly denied access).

In his objections, Crawley cites case law for the proposition that the right to petition for a redress of grievances is among the "most precious of the liberties safeguarded by the Bill of Rights." United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n, 389 U.S. 217, 222 (1967); see also Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015) ("The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and as well as a right of meaningful access to the courts."); Hasan v. U.S. Dep't of Labor, 400 F.3d 1001, 1005 (7th Cir. 2005) ("Prisoners' grievances, unless frivolous, concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment."). But Crawley conflates the right of access to the courts and to petition the government for redress of grievances (complaints against an unjust or unfair act) with the right to file administrative grievances through procedures established by the Virginia Department of Corrections. While the former carries constitutional protections, see Am. Civil Liberties Union of Md., Inc. v. Wicomico Cty., Md., 999 F.2d 780, 785 (4th Cir. 1993) ("The filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts."), the Fourth Circuit has held that the latter does not, Adams, 40 F.3d at 75. See also Wall v. Artrip, No. 7:15cv00097, 2016 WL 4939359, at *5 (W.D. Va. Sept. 14, 2016) (holding, in this circuit,

5

"there is no constitutional right to participate in grievance proceedings" (quoting Adams)). But see Gullet v. Wilt, 869 F.2d 593 (4th Cir. 1989) (unpublished table decision) (noting the First Amendment grants rights to free speech and to seek redress from the courts and those rights are implicated by prisoner's claim that he was being transferred in retaliation for filing numerous institutional grievances, but ultimately affirming summary judgment in defendants' favor because evidence established prisoner was transferred for non-retaliatory reasons).

In any event, the Magistrate Judge correctly concluded that Crawley has shown no specific harm or prejudice resulting from any alleged denial of access to the courts. See Strickler, 989 F.2d at 1383; see also Harden v. Bodiford, 442 F. App'x 893, 896 (4th Cir. 2011) ("In order to establish a claim of denial of access to the courts, an inmate cannot rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial."). As such, his First Amendment claim fails as a matter of law.

## B.

Crawley claims defendants Combs, Fleming and Ravizee's actions in failing to process his administrative grievances and Combs' interference with Crawley's acceptance into the STAR program were retaliatory and a result of Crawley's filing a lawsuit in 2014. Am. Compl., ECF No. 12, at ¶¶ 30-32.

> However, not every reaction made in response to an individual's exercise of his First Amendment right to free speech is actionable retaliation. See DiMeglio v. Haines, 45 F.3d 790, 806 (4th Cir. 1995) ("Not every restriction is sufficient to chill the exercise of First Amendment rights, nor is every restriction actionable, even if retaliatory."). Rather, a § 1983 retaliation plaintiff must demonstrate that the defendant's actions had some adverse impact on the exercise of the plaintiff's

6

> constitutional rights. See Wicomico County, 999 F.2d at 785 ("In order to state a retaliation claim, Appellees are required to show that WCDC's actions adversely impacted these First Amendment rights.").

Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Indeed, an inmate asserting a retaliation claim under § 1983 must prove three elements: (1) that his speech was protected; (2) that defendants' alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; (3) that a causal relationship exists between his speech and the defendant's retaliatory action. Id. at 686. The Magistrate Judge correctly concluded in this case that Crawley's retaliation claim fails as a matter of law because he has not established the defendants' actions had an adverse impact on his constitutional rights.

Crawley objects to that finding, asserting he was "deprived of his right to comply with the 'PLRA' Prison Litigation Reform Act, which precluded plaintiff from filing Tort Claims in state court, because without full exhaustion the plaintiff was unable to petition the government for redress of grievance." Pl.'s Obj., ECF No. 64, at 3. However, as previously noted, there is no constitutional right to state-established grievance procedures according to the Fourth Circuit. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). In any event, Crawley neither explains nor offers any specific evidence of the "Tort Claims in state court" he allegedly was unable to file. Nor does he allege any other denial of access to the courts or other actual injury.

Crawley argues in his objections that there is a genuine dispute of material fact on the issue of whether he was disapproved for the STAR program in retaliation for exercising a First Amendment right. Pl.'s Obj., ECF No. 64, at 4. However, Crawley offers no evidence to support his claim that denial of his transfer request was retaliatory. Crawley's retaliation

7

claim is based on statements defendant Combs allegedly made to Crawley. Yet the evidence presented on summary judgment shows that Combs actually *approved* the recommendation that Crawley be transferred into the STAR program. See ECF No. 60-2, at 8, ECF No. 50-2, at 3; see also Combs Aff., ECF No. 50-2, at ¶ 4. Following Combs' approval, the recommendation was reviewed by defendant Gail Jones, Classification Supervisor with the Virginia Department of Corrections Classification Services Unit. The approval history from the VACORIS database shows Jones approved Crawley's recommendation on September 29, 2014 and that the next approver would have been defendant Fleming. ECF No. 60-2, at 8. Jones, however, took no further action, and several weeks later, the approval history showed Crawley was "disapproved" "pending submission." Id. Jones has provided unrebutted evidence that Crawley's case was not escalated to Warden Fleming for approval due to an oversight on her part. Jones Aff., ECF No. 50-1, at ¶ 6. Crawley does not accuse Jones of harboring a retaliatory motive, and Jones attests she was not told by anyone to disapprove Crawley for the STAR program. Id. Crawley offers no evidence to the contrary. Thus, he has failed to establish that a causal relationship exists between his filing of a lawsuit and his disapproval for transfer into the STAR program. "The causation requirement is rigorous; it is not enough that the protected expression played a role or was a motivating factor in the retaliation; claimant must show that 'but for' the protected expression the employer would not have taken the alleged retaliatory action." Huang v. Bd. of Governors of Univ. of N. Carolina, 902 F.2d 1134, 1140 (4th Cir. 1990) (citing Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 417 (1979); Jurgensen v. Fairfax Cnty., 745 F.2d 868, 879-

8

80 (4th Cir. 1984)). The Magistrate Judge correctly determined that summary judgment should be granted in defendants' favor on the retaliation count.

## C.

Finally, Crawley claims he was discriminated against in violation of the Equal Protection Clause of the Fourteenth Amendment by defendant Jones, who disapproved him for transfer into the STAR program; by defendant Fleming, who accepted Jones' disapproval despite the fact it was discriminatory; and by defendant Robinson, who implemented the governing Operating Procedure 830.5, which Crawley asserts authorized defendants to selectively discriminate against him. The Magistrate Judge correctly determined that since Crawley does not allege discrimination based on a suspect classification, his should be analyzed as a "class of one" equal protection claim. Crawley alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The Magistrate Judge held that Crawley offered no evidence to establish that defendant Jones intentionally discriminated against him and that Crawley's claims against Fleming and Robinson are likewise unsupported. Crawley objects to these findings.

Crawley takes issue with the Magistrate Judge's characterization of Jones' failure to act on his transfer request as an "oversight." Crawley asserts the fact that Jones approved his transfer request on September 29, 2014 but then disapproved him on November 18, 2014 establishes that the disapproval was "a deliberate informed action." Pl.'s Obj., ECF No. 64, at 5. However, the VACORIS database print-out attached to Crawley's opposition brief plainly lists the status of his transfer approval on November 18, 2014 as "pending

9

submission," with a last approval date of September 29, 2014 by Gail R. Jones. ECF No. 60-2, at 8. Crawley offers no evidence to support his claim that Jones deliberately and intentionally disapproved his transfer request on November 18, 2014. Nor does Crawley provide evidence that such action (or inaction) was the result of intentional discrimination. See King v. Rubenstein, 825 F.3d 206, 220 (4th Cir. 2016) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." (citing Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001))). Crawley insists that he is "confident between 9-29-14 and 11-18-14 [ ] there are phone records and e-mails connecting Combs to Jones, or to Fleming, and Fleming to Jones that would suggest Jones actions wasn't [sic] an oversight at all." Pl.'s Obj., ECF No. 64, at 5. Crawley has produced no such evidence, however, and his unsupported statement is not enough to survive summary judgment on his discrimination claim.

Additionally, Crawley offers no evidence to support his allegation that defendant Fleming "accepted Gale Jones [sic] disapproval . . . even thou[gh] her decision per [Operating Procedure] 830.5 subjected plaintiff to discrimination." Am. Compl., ECF No. 12, at ¶ 36. The evidence establishes that the transfer decision never made it to Fleming for review. ECF No. 60-2. In his affidavit, Fleming states that, had he been given an opportunity, he would have disapproved Crawley for the STAR program due to Crawley's history of disruptive behavior. Crawley insists this somehow demonstrates Fleming's intent to discriminate against him. But the fact remains that Fleming could not have intentionally discriminated against Crawley because Fleming never made a decision one way or the other

10

on Crawley's request to transfer into the STAR program, as it was never submitted to him for review. Crawley's unsupported claim that defendant Robinson's "authorization of a law that can be applied discriminatorily, makes him liable for all the plaintiff [sic] unfavorable discriminatory treatment by his subordinates," Pl.'s Obj., ECF No. 64, at 6, likewise fails as a matter of law. Crawley simply has provided no evidence that he was intentionally discriminated against.

### III.

Crawley was obviously frustrated by the fact that he was not informed about the status of his pending request to transfer into Keen Mountain's STAR program. Indeed, it is unfortunate that his request was not escalated through all levels of review due to what the evidence establishes was merely an oversight. That oversight, however, does not translate into an actionable claim of retaliation and discrimination under the First and Fourteenth Amendments to the United States Constitution.

As such, the court will **OVERRULE** Crawley's objections, **ADOPT** the report and recommendation (ECF No. 61) in its entirety, **GRANT** defendants' motion for summary judgment (ECF No. 49) and **DISMISS** this case.

An appropriate Order will be entered.

Entered: 09/27/2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

11

Case 7:15-cv-00069-MFU-JCH   Document 65   Filed 09/27/16   Page 11 of 11   Pageid#: 294